In re LASON, INC., et al., Debtors.

Lason Services, Inc., Plaintiff,

v.

Raju Venkatraman, Yogi Parikh, Glenn Amurgis and Meenekshi Karuppiah, Defendants.

Bankruptcy No. 01–11488(MFW).
Adversary No. 02–2174(MFW).

United States Bankruptcy Court, D. Delaware.

Feb. 25, 2003.

Robert S. Brady, Michael R. Nestor, Curtis J. Crowther, Young, Conaway,

Stargatt & Taylor, LLP, Wilmington, DE, Counsel for Lason, Inc.

Jeffrey M. Boyer, Snyder & Associates, Wilmington, DE, Counsel for Defendants Yogi Parikh, Glenn Amurgis and Meenekshi Karuppiah.

Rachel B. Mersky, Walsh, Monzack & Monaco, P.A., Wilmington, DE, John A. Marxer, Miller Canfield, Troy, MI, Counsel for Raju Venkatraman.

### MEMORANDUM OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of defendants Yogi Parikh ("Parikh"), Glenn Amurgis ("Amurgis"), and Meenakshi Karuppiah ("Karuppiah") (collectively, "the Defendants") seeking Partial Summary Judgment with respect to the Motion of Lason Services, Inc. ("Lason") for Specific Enforcement of the Covenant Not to Compete. For the reasons set forth below, the Motion will be granted.

### I. *FACTUAL BACKGROUND*

The Defendants were all employees of Vetri Systems, Inc., prior to its acquisition by Lason pursuant to an Agreement and Plan of Merger ("the Merger Agreement") dated December 17, 1998. The Defendants continued to work for the Vetri Division of Lason post-merger. Pursuant to the terms of the Merger Agreement, Parikh was required to enter into an Employment Agreement with Lason containing a three-year non-compete clause. That Employment Agreement was signed in December 1998. In February 2001, Parikh executed another Employment Agreement with Lason, which also contained a three-year non-compete clause. Amurgis and Karuppiah were hired by Lason after the merger and also executed agreements with Lason in February 2001. Their agreements are virtually identical to the Parikh Employment Agreement, but contained a one-year non-compete clause.

Lason's Plan of Reorganization was confirmed on May 17, 2002. Section 7.1 of Lason's First Amended Plan of Reorganization provides that all executory contracts and unexpired leases are deemed assumed unless otherwise rejected in the manner provided for in the Plan. Section 7.5(b) provides for the automatic rejection of all employment agreements.

### II. *JURISDICTION*

This Court has jurisdiction over the Motions in this adversary, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(1), (b)(2)(A), (L), and (O).

### III. *DISCUSSION*

Lason concedes for purposes of this Motion that Parikh's initial Employment Agreement and the Merger Agreement are integrated and that it has breached the terms of those Agreements. Lason further concedes that it cannot enforce the covenants and promises made by Parikh in those Agreements. However, Lason asserts that it has not breached the February 2001 Employment Agreements, which, it contends, are wholly separate from the Merger Agreement and enforceable. Lason seeks to assume these contracts so it can enforce the non-compete provisions.[2]

The first issue we must determine is whether Lason rejected the Employment Agreements. We conclude that it did.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2. The Defendants have since left Lason and found other employment.

Lason argues that the Agreements in question were not rejected in the Plan notwithstanding Section 7.5(b) which states all employment agreements are rejected. The term "employment agreement" is not specifically defined in the Plan. Lason characterizes the February 2001 agreements as "employment-related" agreements, but not employment agreements. Thus, according to Lason, the agreements executed by the Defendants are deemed assumed by Section 7.1 of the Plan, which provides for assumption of all contracts not otherwise rejected.

■ Lason's argument is contradicted by its own documents. Lason's Amended Verified Complaint refers to the agreement Parikh executed in February 2001 as an "employment agreement." Lason drafted the Parikh agreement, titled it "Employment Agreement," and sued to enforce the terms of the employment agreement. Judicial estoppel precludes Lason from arguing that it is not an employment agreement. *See, e.g., New Hampshire v. Maine,* 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 358 (3d Cir.1996).

■ Even if judicial estoppel did not preclude Lason from arguing the Parikh agreement is not an employment agreement, other principles do. Since Lason drafted the Employment Agreement and the Plan of Reorganization, any ambiguities therein must be construed against it. *See In re Phoenix Petroleum Co.,* 278 B.R. 385, 405 (Bankr.E.D.Pa.2001).

Except for different titles, the Amurgis and Karuppiah "Retention Agreements" are essentially the same as the Parikh "Employment Agreement." All three agreements set forth the terms of the parties' employment relationships. Lason argues that the agreements sought not to hire the employees, but rather to retain them. However, Lason admits in its Brief that neither Amurgis nor Karuppiah had any employment agreements with Lason until they entered into the Retention Agreements in February 2001. We are unable to reconcile that statement with Lason's assertion that the Retention Agreements are not employment agreements.

■ Semantics notwithstanding, we are compelled to conclude that the Agreements between Lason and the Defendants are employment agreements. As that term is not defined in the Plan and is ambiguous, the ambiguity must be construed against Lason. The Agreements, which set forth the essential terms of employment of the Defendants (term, salary, non-compete), are employment agreements. Since the Plan rejects all employment agreements by its express terms, we conclude the Agreements were rejected. Because rejection constitutes a breach by Lason immediately before the Chapter 11 filing, Lason is unable to enforce the non-compete provisions of the Agreements.

## IV.  CONCLUSION

For the foregoing reasons, the Motion filed by defendants Yogi Parikh, Glenn Amurgis, and Meenakshi Karuppiah seeking Partial Summary Judgment with respect to Lason's Motion for Specific Enforcement of the Covenant Not to Compete will be granted.